BAUER *v.* TOWNSHIP OF REDFORD.

1. JUDGMENT—INJUNCTION—TOWNSHIP ZONING ORDINANCE—ORNAMENTAL IRON SALES BUSINESS.

Consent decree whereby plaintiffs were permitted to continue nonconforming use under defendant township zoning ordinance of their ornamental iron sales business but not to use the premises for manufacturing, fabricating, or other uses not permitted by the ordinance *held*, unambiguous and in avoiding outright litigatory loss in first suit to enjoin enforcement of the ordinance adjudicated the rights of both parties with respect to both first and second suits brought for the same purpose in that plaintiffs were prohibited from continuing incidental shopwork, such as welding, fabricating, cutting, and grinding.

2. COSTS—INJUNCTION—TOWNSHIP ZONING ORDINANCE—ORNAMENTAL IRON SALES BUSINESS.

No costs are allowed in 2 suits to enjoin enforcement of township zoning ordinance as to conduct of ornamental iron sales business.

―――――――――――――――――――――――――――――――――――

REFERENCES FOR POINTS IN HEADNOTES
[1] 28 Am Jur, Injunctions §§ 293, 320.
[2] 28 Am Jur, Injunctions § 299.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted on rehearing April 12, 1962. (Docket No. 71 on rehearing, original Docket No. 14 of October, 1959, Calendar No. 47,748.) Appeal from Wayne; Wise (John M.), J. Submitted April 12, 1962. (Docket No. 71, continued from original Docket No. 73 of October, 1961.) Decided July 2, 1962.

Bill by Norman C. Bauer and Elsie Bauer against the Township of Redford and certain of its officials to enjoin enforcement of zoning ordinance. Consent decree entered on first appeal. Similar bill to enjoin prosecution of certain acts claimed permissible under consent decree. Temporary injunction dismissed. Plaintiffs appeal, seeking favorable interpretation or setting aside of consent decree. Consent decree confirmed. Denial of injunctive relief affirmed.

*Dale D. Libby* and *Herbert H. Schoenberg,* for plaintiffs.

*Kasoff & Young,* for defendants.

Per Curiam. Impelled by urgent and successive representations of plaintiffs Bauer that the consent decree of December 11, 1959, which decree seemingly concluded the litigation brought here and presented under the title Bauer *v.* Township of Redford (Calendar No. 47,748; Docket No. 14, October term, 1959), was uncertain, ambiguous, and productive of undue litigation, we ordered (November 30, 1961) that such presented cause be reheard. See *Bauer* v. *Township of Redford,* 364 Mich 547. The same order provided that decision of what we shall call the second Bauer Case (Calendar No. 48,839), which second case was initially submitted October 13, 1961, be "postponed pending further action in the original case." Rehearing of the first case, and hearing of the second case,

was had upon consolidated submission April 12, 1962. Since the 2 cases are interrelated, we determine them together.

The consent decree of 1959, entered by the Chief Justice upon unqualified stipulation of the parties, provided in critical sum that plaintiffs' attack upon the involved township zoning ordinance be settled and concluded by permitting plaintiffs "to operate an ornamental iron sales business" upon and as a part of their described residence property. The decree provided further:

"It is further ordered, adjudged and decreed that the right of operation of such sales shall be conclusive with the plaintiffs and appellants, Norman C. Bauer and Elsie Bauer, his wife, and in the event the said plaintiffs vacate the premises herein described at any time in the future, the premises shall then become subject to such use as may be permitted under the zoning ordinance of the township of Redford.

"It is further ordered, adjudged and decreed that the plaintiffs herein, their agents, servants and employees, shall not conduct upon or use said premises for any manufacturing, fabricating or other uses which are not permitted by the Redford township zoning ordinance, excepting therefrom an ornamental iron sales business."

Plaintiffs subsequently sought to resume what Judge Wise, in the second case, found was something more than an ornamental iron sales business. The township authorities thereupon summoned plaintiffs to appear before a township justice to answer for alleged violation of said zoning ordinance. The alleged violation, later found judicially, was that plaintiffs had been and were guilty of "permitting welding and fabricating on [said] premises." Plaintiffs thereupon instituted the second suit, seeking to enjoin the township authorities "from enforc-

ing said zoning ordinance as against plaintiffs' property."

Judge Wise, hearing the second suit, concluded that the consent decree was "clear" and "unambiguous" and that it prevented on plaintiffs' said premises the welding, fabricating, cutting and grinding of steel. From his order denying—after due hearing—the injunctive relief sought by plaintiffs in such second suit, an appeal to this Court was perfected on leave granted.

We find, upon examination thereof in conjunction with the original and present appendices and briefs, that the consent decree is not ambiguous or doubtful as claimed, and that Judge Wise correctly concluded that it permitted, on plaintiffs' said premises, continuation only of an ornamental iron sales business, meanwhile denying continuation of what plaintiffs call "incidental shopwork." The township voluntarily gave up an asserted right when the consent decree was entered. Such asserted right was that of prohibition, by ordinance, of the conduct of *any* ordinance-defined business on plaintiffs' premises. Plaintiffs also and by like token gave up an asserted right, that of continued conduct on their premises of the combined business of fabricating and selling ornamental iron. Too, both parties gained something by the decree, that is, avoidance of outright litigatory loss.

If, as it has manifestly turned out, plaintiffs' "ornamental iron sales business cannot be operated without incidental shopwork, such as welding, fabricating, cutting and grinding,"[*] the consent decree nevertheless effects the same relevant result as if Judge Bohn's decree in the first case, by which plaintiffs' original bill attacking the zoning ordinance was dismissed, had come to formal affirmance. The con-

---

[*] The words are those of plaintiffs' counsel.

sent decree is equally as strong and unyielding, and we can do naught but uphold it as an effective agreement of the parties which, attested as it is by judicial approval, adjudicates the rights of the parties with respect to the subject matter of both suits.

What has been said disposes of the second case. No ground for disagreement with the order of Judge Wise, by which the prayer of plaintiffs' second bill was denied, has been shown.

The consent decree of December 11, 1959 is confirmed as an adjudication of the rights of the parties according to its tenor. The appealed order in the second case is affirmed. No costs are awarded in either case.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith and Adams, JJ., concurred.